[No. 21628.   Department Two.   May 22, 1929.]

PIONEER SAND & GRAVEL COMPANY, *Respondent,* v. ANTON OLSEN *et al., Respondents,* H. F. HANLEY *et al., Appellants.*[1]

[1] Reported in 277 Pac. 695.

258

*Russell H. Fluent,* for appellants.

*Poe, Falknor, Falknor & Emory,* for respondents.

MITCHELL, C. J.—Anton Olsen and his wife, as owners of lot 3, block 2, University Home Tracts in the city of Seattle, undertook the building of two houses on the lot, one on the north half, and the other on the south half. They gave a mortgage on each half in the sum of $2,800. In the course of building the houses, a large number of liens for material and labor were filed of record, which, as allowed by the trial court, including attorneys' fees, amounted to the sum of $864.86 against the north half of the lot, and $1,098.14 against the south half of the lot. The Pioneer Sand & Gravel Company, a corporation, one of the lienors, commenced an action foreclosing its liens, making the owners of the property, the mortgagees and all other lienors parties defendant. A number of the defendants, other than Olsen and his wife, appeared by separate answers and cross-complaints which were filed in the cause. About this time, H. F. Hanley and his wife sued Olsen and wife upon an open account, and attached the whole of lot 3. They recovered judgment on the account in the sum of $112.66, with interest and costs, upon which, on execution, the sheriff sold the property to H. F. Hanley, the judgment creditor, for the amount of the judgment, interest and increased costs, the sheriff issuing to him a certificate of sale of the property. Thereupon, by order of court, Hanley and wife were made parties defendant to the lien foreclosure suits. They appeared generally by an answer, directed to, and against, the original complaint of the Pioneer Sand & Gravel Co. and also the cross-complaints of all other lienors who had entered the litigation. They denied all the allegations of the original and cross-complaints on informa-

tion and belief, and demanded that the original and cross-complainants submit their proof. They further alleged that they claimed a right and interest in the property superior to the rights of all others, and alleged that they were the owners in fee simple of all of lot 3, block 2, University Home Tracts in the city of Seattle, by virtue of the execution sale and sheriff's certificate thereof above mentioned.

Upon the trial of the case judgment was entered establishing the amounts and priorities of the material and laborers' liens and the mortgages, and that all of them were superior to the rights of Hanley and wife who have appealed.

Several of the lienors were given judgments of foreclosure for small amounts, without having served their answers and cross-complaints upon Olsen and his wife, the latter never having appeared in the action. These amounts are not disputed, but the contention of the appellants is that the court could not hear their cross-complaints in the absence of service on Olsen and wife. If Olsen and his wife were raising the question, there would be considerable merit in it, under the authorities cited by appellants. Here, however, the question is raised by Hanley and his wife, who, alleging that they were the owners of the property, answered all of these cross-complaints, claiming superior right in themselves, and specifically demanding in their answer that the cross-complainants whose judgments are now complained of should prove the allegations of their cross-complaints upon which such judgments are founded. The issues presented by those cross-complainants were joined by these appellants, who cannot now complain that the court took the proof they demanded by their answer and upon which the issues were determined.

Some of the parties obtained service on Olsen

and wife by publication of summons, while others obtained service by leaving a copy of the summons and complaint for each Mr. and Mrs. Olsen with her at the Olsen residence. It is contended by the appellants that the two methods of service are not consistent, and that the court should have determined which of the two kinds was correct and denied the legal effect of the other kind. These proceedings, however, were pending for several months, and the fact that the Olsens maintained a residence in the state at one time during that period is not inconsistent with the fact that they could not be found in the state, after diligent search and inquiry, months later.

Certain personal judgments given against Olsen and wife in the decree are complained of by the appellants. Those personal judgments can in no way harm the appellants, because the land involved, now claimed by the appellants, is impressed only with judgments foreclosing the specific liens against it and not at all with the personal judgments against Olsen and his wife.

Other assignments involve the provisions of the judgment establishing the two mortgages, each in a stated amount, and declaring them to be superior to the rights of appellants. The evidence on this subject went in over the objection of the appellants. The holders of the mortgages did not declare upon them in their pleadings, but claimed the right to have the amounts, validity and rank of the mortgages established under general denials contained in their pleadings, as they were not seeking foreclosure of the mortgages. But, if appellants are to be bound by the terms of the judgment in this respect, as respondents now insist, then appellants should have been given notice in the pleadings that the status of the mortgages was to be determined. True, after the proof had gone

in, counsel for the mortgagees asked leave to amend their pleadings to conform to the proof and stated that they would submit to a continuance for appellants to meet the proof. But the proof had gone in over the objections of the appellants, who would not consent to the proposed amendment, and which amendment was not allowed by the court, although the proof in that respect has found its way into the decree. Appellants, who claimed to own the property, will be bound by such adjudications of the amounts and priorities of the mortgages as the judgment now stands. However, as there was no foreclosure of the mortgages, or either of them, ordered, this provision of the decree can be taken care of by modification of the judgment by the superior court to the effect that, as to the rights of the appellants, the provisions of the judgment fixing the amounts and priorities of the two mortgages, that is, the mortgages delivered to W. D. Perkins, one of which was assigned to Bennington County Savings Bank; be set aside without prejudice to the rights of the holders of those mortgages in any future foreclosure suits.

Other assignments of error we think are sufficiently disposed of by what has already been said.

The cause is remanded to the superior court, with instructions to modify the judgment appealed from, so far as the rights of appellants are concerned, by cancelling those portions of it fixing the status of the two mortgages, without prejudice to the rights of the holders of the mortgages in any future foreclosure proceedings. In all other respects, the judgment will be affirmed. Neither party will recover costs on the appeal.

MILLARD, MAIN, PARKER, and FRENCH, JJ., concur.